UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD MCCUTCHAN, <br><br> Plaintiff, <br><br> v. <br><br> CLUB EXPLORIA, LLC, <br><br> Defendant. | Civil Action No. <br><br><br> **COMPLAINT AND <br> JURY TRIAL DEMAND** |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Donald McCutchan (hereinafter, the "Plaintiff"), brings this action against his former employer, Club Exploria, LLC (hereinafter, the "Defendant"). Defendant discriminated against Plaintiff because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (hereinafter, the "ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (hereinafter, the "PHRA"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II. PARTIES

2. Plaintiff Donald McCutchan (hereinafter, "Mr. McCutchan" or "Plaintiff") is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in East Stroudsburg, Monroe County, Pennsylvania.

3. Plaintiff was seventy-two (72) years of age at the time of his termination.

4. Defendant, Club Exploria, LLC, is a business entity that owns and/or operates the Exploria Pocono Resorts and The Villas and Treetops at Fairway, formerly known as Fernwood Resorts, in East Stroudsburg, Pennsylvania.

1

5. At all times hereto, Defendant employed more than twenty (20) employees.

6. At all times hereto, Defendant acted by and through their authorized agents, servants, workers, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7. At all times hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

### III. JURISDICTION AND VENUE

9. Because this case is brought under the ADEA, 29 U.S.C. § 621 et seq., this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

10. Mr. McCutchan's job with Defendant was, at all times relevant hereto, in the Middle District of Pennsylvania.

11. Venue is proper in the Middle District of Pennsylvania because Plaintiff's cause of action arose within this District in that a substantial part of the acts and omissions giving rise to the claims in this case occurred in this District. *See* 28 U.S.C. § 1391(b).

12. Because the Defendant is subject to personal jurisdiction in this District, it "resides" in this District for venue purposes (*see* 28 U.S.C. § 1391(c)).

13. On or about February 23, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

14. On or about August 5, 2021, the EEOC issued to Plaintiff a Notice of Rights. Attached

hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

15. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action and has exhausted his administrative remedies.

IV. **FACTS**

16. Plaintiff was hired by Exploria's predecessor company, on or about, June 27, 1988 and was employed by Defendant on or about, August 2020, the date of his unlawful termination.

17. Plaintiff held the position of Maintenance Lead at Exploria's Pocono Mountain Villas resort in East Stroudsburg, Pennsylvania where he performed maintenance tasks and supervised the work of other maintenance employees.

18. Plaintiff consistently demonstrated excellent job performance in his job and performed his duties in a highly competent manner.

19. Defendant discriminated against Plaintiff on the basis of age.

20. Exploria's Employee Handbook articulates a structured system of progressive discipline that allows employees the opportunity to rectify poor performance and/or behavior but the "Corrective Action Policy" in the Exploria Employee Handbook states: "[i]f an employee does not meet these standards, the Company may, under appropriate circumstances, implement a progressive corrective action. . . . The company may, *at management discretion*, begin corrective actions at a more elevated level or forego progressive discipline entirely." (Attached hereto as Exhibit 3, Exploria Employee Handbook.)

21. On or about August 2020, Plaintiff was brought into a meeting with Shannon Price, Human Resource Manager at Exploria, (hereinafter, "Ms. Price") and Pete Steffen, the Resort Engineer at Pocono Mountain Villas resort and Plaintiff's manager (hereinafter, "Mr. Steffen") to discuss allegations of sleeping at work.

22. During the aforementioned August 2020 meeting, Plaintiff was presented with the accusations of sleeping at work. Ms. Price then informed Plaintiff that he was being terminated from his position, without providing Plaintiff with an appropriate time to review and respond to the allegations, without any prior warning, without progressive disciplinary action and without the opportunity to pursue corrective action.

23. Plaintiff's position, to his knowledge, has not been filled since he was terminated.

24. Plaintiff has observed a pattern of younger Exploria employees being provided with progressive disciplinary action and the opportunity to rectify poor performance and/or behavior for similar or worse work policy violations, or for offenses more directly and/or seriously in violation of Exploria's Corrective Action policy.

25. These policies effectively allow Exploria's management to discretionarily enforce its corrective action policy to cover for its discriminatory pattern of forcing employees into retirement, resulting in a disparate impact to older Exploria employees.

26. After thirty-three years of service to Pocono Mountain Villas and resorts as a productive employee, Exploria's management discretionarily forewent any type of progressive disciplinary process and terminated Plaintiff without any reasonable basis for such a categorical exclusion and without individualized review of Plaintiff's qualifications.

27. Plaintiff believes and avers that Exploria's management systematically chooses not to enforce the aforementioned policies in the same way against similarly situated younger employees, thereby using its Corrective Action Policy as a pretext for age discrimination.

28. On information and belief, Defendant's Corrective Action Policy had a significant adverse disparate impact on Plaintiff and other employees over the age of 40 in violation of the ADEA.

29. Defendant willfully violated the Age Discrimination in Employment Act of 1967, as amended.

30. As a proximate result of Defendant's age discrimination, Plaintiff was deprived of the opportunity to earn wages, and deprived of the opportunity to earn employment benefits.

## COUNT I - ADEA

31. Plaintiff incorporates by reference paragraphs 1 through 30 above, as set forth herein in their entirety.

32. At all relevant times, the Defendant has been, and continues to be, an employer within the meaning of the ADEA, 29 U.S.C. § 630. At all relevant times, the Defendant has been engaged in interstate commerce within the meaning of the ADEA, *id.*, and has employed, and continues to employ, twenty or more employees.

33. At all relevant times, Mr. McCutchan was over 40 years of age, see 29 U.S.C. § 631(a), and Defendant denied him employment, see 29 U.S.C. § 623(a)(1), (2).

34. Plaintiff filed a timely charge of age discrimination with the EEOC, and has satisfied all preconditions to bringing this action.

35. Plaintiff has exhausted his administrative remedies and timely files this suit following notice of his right to sue.

36. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

37. Said violations were willful and warrant the imposition of liquidated damages.

38. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

40. No previous application has been made for the relief requested herein.

## COUNT II – PHRA

41. Plaintiff incorporates by reference paragraphs 1 through 38 above, as set forth herein in their entirety.

42. Defendant, by the above improper and discriminatory acts, has violated the PHRA.

43. Said violations were intentional and willful.

44. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained injuries, damages and losses set forth herein and has incurred attorney's fees and costs.

45. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminator acts unless and until this Court grants the relief requested herein.

46. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) Declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) Declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) Enjoining and permanently restraining the violations alleged herein;

(d) Entering judgment against the Defendant and in favor of the Plaintiff in the amount to be determined;

(e) Awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f) Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional

upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) Awarding liquidated damages to Plaintiff under the ADEA;

(h) Awarding punitive damages for the intentional, reckless, wanton and willful action in violating the applicable statutes;

(i) Awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

(j) Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(k) Granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief, providing restitution for past violations and preventing future violations.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

                                              Respectfully submitted,

                                              Leeson & Leeson

                                              /s/ Joseph F. Leeson, III, Esq.

                                              _____

                                              70 E. Broad Street
                                              P.O. Box 1426
                                              Bethlehem, PA 18016-1426
                                              (610) 691-3320
                                              Email: jleeson@leeson-law.com

Date: November 1, 2021